UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-CV-61664

MISMA RIVERA, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.

METROPCS FLORIDA, LLC,

    Defendant.

_____/

## JOINT PLANNING & SCHEDULING REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1.B of the United States District Court for the Southern District of Florida, by and through the undersigned counsel, Plaintiff MISMA RIVERA and Defendant METROPCS FLORIDA, LLC (collectively, the "Parties"), hereby file this Joint Scheduling Report.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

**FED. R. CIV. P. 26(F)(3) DISCOVERY PLAN**

(A) **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**:

The Parties do not believe any changes should be made to required disclosures.

(B) **The subjects on which discovery may be needed, when discovery should be completed, and when discovery should be conducted in phases or be limited to or focused on particular issues**:

Plaintiff and Defendant have differing opinions on the subjects on which discovery is needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to particular issues.

**Plaintiff's Position**

With respect to the subjects on which Plaintiff needs discovery – In addition to discovery necessary to establish whether Defendant violated the TCPA, such as, for example, Defendant's use of an ATDS, Plaintiff requires discovery to fully and properly defeat Defendant's Motion to Compel Arbitration [D.E. 5], as well as to address certain assertions and contentions made by Defendant in its Motion to Compel Arbitration [D.E. 5]. Further, in light of the class certification sought, Plaintiff needs class-based discovery to fully and properly file Plaintiff's Motion for Class Certification.

Plaintiff does not believe discovery should be conducted in phases or otherwise limited. Further, Plaintiff does not believe any changes to the timing of discovery is necessary or otherwise warranted beyond the discovery cutoff the Parties jointly propose below.

**Defendant's Position**

MetroPCS Florida ("Metro") proposes that discovery be stayed pending the Court's ruling on Metro's Motion to Compel Arbitration, which was filed on August 2, 2019. The Federal Arbitration Act provides that, once satisfied that the suit is referable to arbitration, a court "*shall* on application of one of the parties *stay the trial of the action* . . ." 9 U.S.C. § 3. (emphasis added). This section requires courts to stay judicial proceedings, upon application of a party, if the court determines that the matter raised is one which should have been referred to arbitration. If the Court determines that Plaintiff is required to arbitrate the claims asserted in the Compliant, Section 3 applies, and this case should be stayed. Accordingly, all discovery in this action should be stayed pending a ruling on Metro's currently pending Motion.

(C) **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**:

      The parties agree to preserve all discoverable or potentially discoverable information within their possession, custody, or control. Whenever feasible, the parties will produce all electronically stored information ("ESI") in bates-stamped, OCR text, Portable Document Format, or tiff format. Alternatively, if unable to produce ESI in such a manner, the parties will produce the information in the existing stored format. The parties further agree that they will maintain all relevant ESI in its original format until final resolution of this matter.

(D) **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production– whether to ask the Court to include their agreement in an order**:

The Parties agree that the inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy. The parties will comply with the Court's rules governing redaction of account information, social security numbers, and any other personally identifiable information warranting redaction or other protection.

(E) **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**:

**Plaintiff's Position**

Plaintiff does not believe any changes should be made to the limitations on discovery imposed under Federal Rules of Civil Procedure or the Local Rules.

**Defendant's Position**

In accordance with its position as outlined in subpart B, Metro asserts that all discovery should be stayed pending Metro's Motion to Compel Arbitration.

(F) **Any other orders the Court should issue under Rule 26(c) or Rules 16(b) and (c)**:

**Plaintiff's Position**

Plaintiff does not believe any changes to the requirements of Rule 26(c), Rule 16(b), or Rule 16(c) are necessary or warranted.

**Defendant's Position**

The Court should enter a stay of all discovery pending a ruling on Metro's Motion to Compel Arbitration.

**LOCAL RULE 16.1(B)(2) CONFERENCE REPORT**

1. **The likelihood of settlement**:

    The Parties have agreed to keep settlement discussions open.

2. **The likelihood of appearance in the action of additional parties**:

    The Parties currently do not anticipate the appearance of any additional plaintiffs, defendants, or any otherwise interested parties.

3. **Proposed limits on the time**:

    I.   Cutoff to join other parties and amend the pleadings: **10-20-2019**.

    II.  Deadline for filing dispositive motions: **06-04-2020**.

    III. Deadline to complete fact discovery: **04-03-2020**.

4. **Proposals for the formulation and simplifications of issues**:

    The Parties agree to cooperate in trying to simplify the issues through discovery.

5. **The necessity or desirability of amendments to the pleadings**:

    Plaintiff anticipates a potential need to amend the operative complaint to modify the class definitions(s) and any deficiencies with the pleadings that Defendant may later raise, if any. Any motion(s) to amend will be filed within the time frame set forth above.

6. **The possibility of obtaining admissions of fact and documents to avoid unnecessary proof**:

    The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents which originated from each of the Parties and/or their respective representatives and/or employees. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

7. **Suggestions of the avoidance of unnecessary proof and cumulative evidence**:

    The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

8. **Suggestions on the advisability of referring matters to a Magistrate Judge or Master**:

   The Parties are open to referring certain discovery matters to a Magistrate Judge.

9. **Preliminary estimate of the time required for trial**:

   The Parties believe that trial will take three (3) days.

10. **Requested date or dates for conferences before trial, a final pretrial conference and trial**:

    The Parties proposed the following dates:
    (1) Final pretrial conference: **09-30-2020**.
    (2) Two-week Trial Period: **10-19-2020**.

11. **Any other information that might be helpful to the Court**:

    Consent to Service by Email: Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that discovery papers and other papers not required to be filed and served through the Court's CM/ECF system may be served by email through counsel.

    DATED: August 23, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Jibrael S. Hindi* | */s/ Kristine M. Brown* |
| **JIBRAEL S. HINDI, ESQ.** | Kristine M. Brown |
| Florida Bar No.: 118259 | Florida Bar No.: 433640 |
| E-mail:   jibrael@jibraellaw.com | Derin B. Dickerson |
| **THOMAS J. PATTI, ESQ.** | **ALSTON & BIRD LLP** |
| Florida Bar No.: 118377 | One Atlantic Center |
| E-mail:   tom@jibraellaw.com | 1201 W Peachtree Street, Suite 4900 |
| The Law Offices of Jibrael S. Hindi | Atlanta, GA 30309 |
| 110 SE 6th Street, Suite 1744 | (404) 881-7000 – Telephone |
| Fort Lauderdale, Florida 33301 | (404) 881-7777 – Facsimile |
| Phone:   954-907-1136 | kristy.brown@alston.com |
| Fax:   855-529-9540 | derin.dickerson@alston.com |
| *COUNSEL FOR PLAINTIFF* | *COUNSEL FOR DEFENDANT METROPCS FLORIDA, LLC.* |