**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MISMA RIVERA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>METROPCS FLORIDA, LLC<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 0:19-CV-61664<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT METROPCS FLORIDA, LLC'S MOTION TO STAY DISCOVERY PROCEEDINGS PENDING RESOLUTION OF THE MOTION TO COMPEL ARBITRATION**

Defendant MetroPCS Florida, LLC ("Metro") moves to stay all discovery proceedings pending a ruling on Metro's Motion to Compel Arbitration [Dkt. 5]. This Motion should be granted for the reasons set forth below.

### I.   PROCEDURAL BACKGROUND

On July 5, 2019, Plaintiff Misma Rivera filed a Complaint in the above-captioned lawsuit, asserting claims under the Telephone Consumer Protection Act ("TCPA") against Metro based upon text messages that were allegedly sent to him on his wireless phone. On August 2, 2019, Metro filed a Motion to Compel Arbitration. [Dkt. 5]. In the Motion, Metro requested that the Court stay the action and compel Plaintiff to arbitrate his claims as he is required to do under his agreement with Metro. Plaintiff's response to the Motion is due August 30, 2019. [Dkt. 10].

On August 23, 2019, Plaintiff propounded his First Set of Discovery Requests to Metro. Metro's response to the written discovery requests are due September 23, 2019. The Requests, which are attached as Exhibit A, seek discovery regarding the merits of the litigation. Requiring

Metro to participate in the extensive discovery reflected in Plaintiff's discovery requests is inconsistent with purposes of arbitration and the requirement that Plaintiff's claims be resolved on the merits in arbitration rather than in this Court.

## II.     ARGUMENT

### A.     This Court has inherent power to issue a stay to prevent the parties from expending resources.

This Court should stay discovery in this case pursuant to the Court's "inherent power" to control its docket and manage its cases. *See Velarde v. HSBC Private Bank Int'l*, No. 13-22031-CIV, 2013 WL 5534302, at *7 (S.D. Fla. Oct. 7, 2013) ("A district court is empowered to stay its own proceedings for purposes of conserving judicial resources and efficiently handling duplicative actions." (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))); *In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011) ("It is well-established that a district court has the authority to stay proceedings on its own motion or on motion of the parties." (citing *Landis*); *Republic of Venezuela ex rel. Garrido v. Phillip Morris Cos., Inc.*, No. 99-0586, 1999 WL 33911677, at *1 (S.D. Fla. Apr. 28, 1999) ("A district court has the discretion to stay its proceedings. This power is derived from and incidental to a court's inherent power to control the disposition of cases on its docket and ensure a "fair and efficient" adjudication of matters.").

Using this inherent power, courts routinely stay discovery pending the resolution of a motion to compel arbitration. *See, e.g., Guarisma v. Microsoft Corp.*, No. 15-24326-CIV, 2016 WL 9526468, at *2 (S.D. Fla. Feb. 8, 2016) (using inherent power to stay discovery pending the filing of defendant's motion to compel arbitration because a "short stay" would "prevent unnecessary expenditures of time and resources, will not prejudice either party, and is in the public interest of judicial economy and efficiency"); *Geopolymer Sinkhole Specialist, Inc. v.*

2

*Uretek Worldwide Oy*, No: 8:15-cv-01690-CEH-JSS, 2016 WL 4769747, at *1 (M.D. Fla. Feb. 3, 2016) (staying discovery pursuant to Rule 26(c) and the court's "great discretion to regulate discovery" pending motion to compel arbitration because "permitting discovery to proceed in a case that may be subject to arbitration could 'frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes and the easing of court congestion.'"); *Harrell's LLC v. Agrium Advanced (U.S.) Techs., Inc.*, No. 8:10-CV-1499-T-33AEP, 2011 WL 1596007, at *1 (M.D. Fla. Apr. 27, 2011) (granting motion to stay discovery where defendant argued that "[e]ngaging in discovery while the Motion to Compel Arbitration is pending would defeat the very purpose of that Motion and the arbitration clause itself–namely, to try to avoid the costs associated with this litigation and instead to create the opportunity for a relatively inexpensive and expedient process to resolve the disputes"); *Skytruck Co., LLC v. Sikorsky Aircraft Corp.*, No. 2:09-cv-267, 2010 WL 11475483, at *1-2 (M.D. Fla. Oct. 29, 2010) (denying plaintiffs' emergency motion to lift discovery stay because "the [c]ourt stayed discovery pending the resolution of Defendants' Motions to Dismiss and to Compel Arbitration because these motions may dispose of the entire case"); *O.N. Equity Sales Co. v. Merkel*, No. 2:07-cv-531-FTM-29DNF, 2008 WL 380573, at *1 (M.D. Fla. Feb. 11, 2008) (staying discovery in matter until motion to compel arbitration is decided); *In re Managed Care Litig.*, No. 0-1334-MD, 2001 WL 664391, at *3 (S.D. Fla. June 12, 2001) (staying discovery for a limited period while the court rules on motions to dismiss and to compel arbitration because "of the complexity of the issues involved in this litigation and the amount of time, effort, and money that all parties are expending litigating this case").

      Here, too, a stay under the Court's exercise of its inherent discretion is warranted. Requiring the parties to engage in potentially unnecessary discovery would waste judicial

3

resources and require Metro to engage in costly and time-consuming proceedings prior to the resolution of its Motion to Compel Arbitration. On the other hand, a short delay of discovery will not prejudice Plaintiff because a ruling in Metro's favor will dispose of the litigation anyway.[1] *See Skytruck Co., LLC*, 2010 WL 11475483, at *2 ("[T]he potential harm resulting from a delay in discovery is not significant enough to justify lifting the discovery stay."). As the Eleventh Circuit has observed: "One of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums." *Blinco v. Green Tree Servicing, LLC*, 366 F. 3d 1249, 1252 (11th Cir. 2004). The Court should not permit Plaintiff to achieve an end-run around the arbitration agreement and to impose litigation costs on Metro in a forum not contemplated by the parties' agreement. Accordingly, the Court should enter a stay of discovery pending its ruling on Metro's Motion to Compel Arbitration.

### B. The FAA mandates that the Court enter a stay.

The Federal Arbitration Act ("FAA") and its underlying purpose also support staying this litigation pending a ruling on Metro's Motion to Compel Arbitration. "A prime objective of an agreement to arbitrate is to achieve 'streamlined proceedings and expeditious results.'" *Preston v. Ferrer*, 552 U.S. 346, 357 (2008). One of the ways in which the FAA achieves this purpose is providing that, once a court is satisfied that a suit is "referable to arbitration," a court "*shall* on application of one of the parties *stay the trial of the action*." 9 U.S.C. § 3 (emphasis added); *Morat v. Cingular Wireless LLC*, No. 3:07-cv-1057, 2008 WL 11336388, at *2 (M.D.

---

[1] Metro notes, however, that if the Court denies the Motion to Compel Arbitration, the Eleventh Circuit has held that "[w]hen a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous." *Blinco v. Green Tree Servicing, LLC*, 366 F. 3d 1249, 1253 (11th Cir. 2004).

4

Fla. Feb. 14, 2008) ("Recognizing the 'unmistakenly clear congressional purpose that the arbitration procedure' should 'be speedy and not subject to delay and obstruction in the courts,' the United States Supreme Court has held that when considering a motion to stay pursuant to the FAA, 'a federal court may consider only issues relating to the making and performance of the agreement to arbitrate.'" (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967))). Thus, when, as here, a plaintiff asserts arbitrable claims, the court should stay the action pending arbitration. *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration."). Allowing discovery to proceed in an arbitrable dispute would undermine the purpose of the FAA and the arbitration agreement to which the parties agreed. Therefore, because the claims in this case are "referable to arbitration" and Metro has made an "application" to stay proceedings, Section 3 requires that this case be stayed.

### III.   CONCLUSION

For the reasons stated above, this case should be stayed pending the resolution of Defendant Metro's Motion to Compel Arbitration [Dkt. 5].

| | |
|---|---|
| Dated: August 25, 2019 | Respectfully submitted,<br>*/s/ Kristy Brown* |

Kristine M. Brown
**ALSTON & BIRD LLP**
One Atlantic Center
1201 W Peachtree Street, Suite 4900
Atlanta, GA 30309
(404) 881-7000 – Telephone
(404) 881-7777 – Facsimile
kristy.brown@alston.com

Derin B. Dickerson (*Pro Hac Vice granted*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 W Peachtree Street, Suite 4900
Atlanta, GA 30309
(404) 881-7000 – Telephone
(404) 881-7777 – Facsimile
derin.dickerson@alston.com

**ATTORNEYS FOR DEFENDANT
METROPCS FLORIDA, LLC.**

## **CERTIFICATE OF CONFERENCE**

Plaintiff was conferred with in a good faith effort to resolve the issues raised in the Motion to Compel Arbitration. Plaintiff opposes the relief sought in this Motion.

>Respectfully submitted,
>*/s/ Derin Dickerson*

2

## **CERTIFICATE OF SERVICE**

I certify that on August 25, 2019, I caused to be served a copy of the foregoing Motion to Compel Arbitration, and the document referenced therein, via the Court's ECF system on all counsel of record registered through that system to receive electronic filings in this case.

                          Respectfully submitted,
                          */s/ Kristy Brown*
                          **ALSTON & BIRD LLP**
                          One Atlantic Center
                          1201 W Peachtree Street, Suite 4900
                          Atlanta, GA 30309
                          (404) 881-7000 – Telephone
                          (404) 881-7777 – Facsimile
                          kristy.brown@alston.com