# Exhibit A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**CASE NO.:** 0:19-CV-61664

MISMA RIVERA, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.

METROPCS FLORIDA, LLC,

    Defendant.

_____/

## PLAINTIFF'S FIRST SET DISCOVERY REQUESTS TO DEFENDANT

Plaintiff MISMA RIVERA ("Plaintiff") requests that Defendant METROPCS FLORIDA, LLC ("Defendant") respond to the following interrogatories, requests for production, and requests for admission within thirty (30) days of the service of these requests, and produce electronic delivery all responsive documents to Plaintiff's counsel within the same thirty (30) days.

**1.** **INSTRUCTIONS**

    2.    You are requested to produce all documents responsive to these requests to The Law Offices of Jibrael S. Hindi, PLLC, 110 SE 6th St., Suite 1744, Fort Lauderdale, FL 33301 within thirty (30) days of service of this demand.

    3.    References to "METROPCS FLORIDA, LLC" and "Defendant" includes your agents, employees, attorneys, and your merged or acquired predecessors. Likewise, references to any other name person or entity include that person's agents, employees, attorneys and in the case of a non-natural person, it's merged or acquired predecessors.

    4.    Unless otherwise specified in a particular paragraph, the time period covered by these requests is January 1, 2015, to the present.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540

www.JibraelLaw.com

5. A request for a document includes all responsive documents within your possession, custody or control, or within the possession, custody or control of your agents, employees and attorneys, including documents you have the right or practical ability to obtain from others on demand.

6. All documents responsive to these requests shall be produced in full, without abridgement, abbreviation, or expurgation of any sort. If any such documents cannot be produced in full, you are requested to produce the document to the greatest extent possible and indicated in your written response what documents cannot be produced and why.

7. You are requested to produce the original and all non-identical copies, including all drafts, of each document requested. If you are not able to produce the original of any document, please produce the best available copy of all non-identical copies, including drafts.

8. Each request and subparagraph or subdivision thereof shall be construed independently, and no other request or subparagraph or subdivision thereof shall be referred to or relied on for the purpose of limiting its scope except insofar as the request or subparagraph or subdivision construed expressly refers to another request or subparagraph or subdivision thereof.

9. If any document requested herein was at one time in existence, but has been lost, discarded, deleted, or destroyed, identify each such document including its date, author and subject matter.

10. If any document requested herein is maintained in electronic form (e.g., e-mail, computer files), you are requested to produce each such document in paper form as well as provide a copy of each document in electronic form (i.e., computer disk or CD-ROM).

11. If you decline to produce any document or information in whole or in part because of a claimed privilege, or for any other reason, please state the following:

PAGE | **2** of 9

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540

www.JibraelLaw.com

      (a)      Describe the document with specificity;

      (b)      Identify the privilege claimed or other reason why the document is not being produced;

      (c)      State the names and capacities of all persons who participated in the preparation of the document; and

      (d)      State the names and capacities of all persons to whom the document was circulated or its contents communicated.

12. The present tense includes the past and future tenses.

13. The use of the singular form of any word includes the plural and vice-versa.

14. The connectors "and" and "or," even when used without the other, shall be construed disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15. The adjectives "any" and "all," even when used without the other, shall be construed disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. This Request is continuing in nature so as to require you to serve a supplemental response and/or production, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, in the event you obtain or discover any additional, further, or different information or documents after the production of the documents or things requested herein.

17. All words not specifically defined herein shall be given their ordinary meaning.

18.  If you claim any request is vague, ambiguous, overly broad, irrelevant, or unduly burdensome, please contact the undersigned and an effort will be made to remedy the issue.

**2.    DEFINITIONS**

1. "Action" means the above captioned action.

2. "Defendant" means METROPCS FLORIDA, LLC.

3. "TCPA" refers to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

4. "Communication(s)" shall mean, among others, any actual or attempted meetings, gatherings, assemblies, encounters, discussions, dialogues, exchanges, conversations, contact and correspondence of any type and by any means, including but not limited to letters, regular mail, telephone calls, facsimiles, electronic mail, and instant messaging communications, etc.

5. "Documents" should be construed to include, without limitation, a writing of any kind, including memoranda, correspondence, handwritten notices or any other printed, graphic, or recorded matter, however produced or reproduced, including working papers, preliminary, intermediate or final drafts, diaries, desk calendars, appointment books, photographs, films, video tapes, electronic mail, computerized financial records, electronically stored or computerized information ("ESI"), data stored on hard drives and floppy disks and all other writings and recordings of every kind which are in Your actual or constructive possession, custody or control. Any copies of documents bearing notations or marks not found in the original shall be deemed to be different documents and shall also be produced.

6. Defendant should state the format in which it proposes to produce ESI sufficiently in advance to give Plaintiff a reasonable opportunity to determine whether the format presents any issues and address them with Defendant before production. ESI should be produced in its native format unless otherwise agreed. If you refuse to produce any ESI responsive to Plaintiffs discovery requests, or refuse to search for potentially responsive ESI due to an allegedly unreasonable burden or cost, then you "must also identify, by category or type, the sources containing potentially

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

responsive information that Defendant is neither searching nor producing. The identification should, to the extent possible, provide enough detail to enable the requesting party to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources." FRCP 26, Comm. Notes on Rules-2006 Amendment.

7. The term "deleted file" means any electronic data file that has been deleted from the electronic media on which it resided. A deleted file is any file whose File Allocation Table ("FAT"), or equivalent entry has been modified to indicate the file as being deleted and/or not readily visible to the operating system and/or the software with which it was created.

8. As used herein, the terms "Identify," "Identification," "Describe," or "Description":

    (a) when used in reference to a document means to state (i) the name of the person who prepared it or over whose signature it was issued; (ii) the name of each person to whom it was addressed or distributed; (iii) the nature and substance of the writing with sufficient particularity to enable it to be identified; (iv) its date and, if it bears no date, the date when it was prepared; and (v) the physical location of it, and the name and address of its custodian;

    (b) when used with reference to an oral communication, means to state (i) the name of each person who participated in the communication, and the name of each person who was present at the time it was made; (ii) by whom each person was employed, and whom each person represented or purported to represent in making such oral communications; (iii) the date and place where such oral communication was made; and (iv) the identification of

        each and every document or recording pertaining or relating to such oral communication;

(c)     when used with reference to a person or individual, means to state (i) his or her full name and last known business address and telephone number, (ii) his or her last known residence address and telephone number; and (iii) the name and last known business address of his or her employer at the time referred to in your answer, and at the present time, and the employment position held by such employee with each employer; and the date when each such employment began and ceased; and

(d)     when used with reference to a corporation, association, company, partnership, or other business or governmental entity means to state (i) its full name; (ii) its principal place of business; and (iii) its last known address and telephone number; (e) when used in reference to any act, occurrence, occasion, meeting, transaction, or conduct, means to set forth the event or events constituting such act, its location, the date and persons participating, persons present or involved, witnesses, and the documents relating or referring in any way thereto.

9.    "Person(s)" means natural persons, corporations, partnership, joint ventures, sole proprietorships, or any other type of business or commercial entity, as well as any and all consultants or other experts retained by you or your attorneys.

10.    "Plaintiff" means and refers to the named Plaintiff in this action, MISMA RIVERA.

11.    "Text message" means SMS or MMS text message unless otherwise specified.

PAGE | **6** of **9**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540

www.JibraelLaw.com

12. "Third-Party Vendor(s)" means the person(s) or entities in which Defendant paid for, subscribed to and/or otherwise obtained services from in order to send text messages to consumers between January 1, 2015, to present.

13. "Time frame relevant to this action" means that period of time within the four (4) year period preceding the filing of the initial complaint in this action.

**3.   INTERROGATORIES**

1. Please identify the software and/or equipment used to send Plaintiff the text messages identified in the complaint. *See* D.E. 1 at ¶ 30.

2. Please explain why Defendant sent the text messages identified in the complaint. *See* D.E. 1 at ¶ 30. *See* D.E. 1 at ¶ 30.

3. Please identify the number of text messages Defendant sent to the phone number 305-764-6089 from August 29, 2015, through August 28, 2019.

4. Please identify the number of text messages Plaintiff sent to Defendant.

5. Please explain, step-by-step, how the text messages identified in the complaint, *see* D.E. 1 at ¶ 30, were sent to Plaintiff.

**4.   REQUESTS FOR PRODUCTION**

1. Please produce copies of all text messages Defendant sent to the phone number 305-764-6089 from August 29, 2015, through August 28, 2019.

2. Please produce a copy of the contract Defendant claims Plaintiff entered into. *See* D.E. 5 at 3 ("…*Rivera entered a contract with Metro, which incorporated Metro's 2010 Terms and Conditions, and received a copy of the Terms and Conditions*…." (emphasis added).

3. Please produce a copy of the "Metro Information Sheet." *See* D.E. 5 at 5.

4. Please produce a copy of the "Metro Box Sticker." *See* D.E. 5 at 5.

PAGE | **7** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540

www.JibraelLaw.com

5.      Please produce a copy of the documents wherein Plaintiff provides express consent to receive marketing text messages from Defendant.

**5.      REQUESTS FOR ADMISSION**

Please admit or deny the following:

1.      Defendant sent one or more marketing text messages to the phone number 305-764-6059 between August 29, 2015, through August 28, 2019.

2.      The equipment and/or software used to send the text messages identified in the complaint, *dee* D.E. 1 at ¶ 30, can send text messages to multiple different phone numbers simultaneously. *See* D.E. 1 at ¶ 30.

DATED: August 23, 2019

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **8** of 9

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540

www.JibraelLaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 23, 2019, the foregoing was electronically served *via* email on the following:

Kristine McAlister Brown
Alston & Bird
1201 W Peachtree Street, NE
One Atlantic Center
Atlanta, GA 30309-3424
404-881-7584
Fax: 404-253-8497
Email: kristy.brown@alston.com

Derin B. Dickerson
Alston & Bird
1201 W Peachtree Street
1 Atlantic Center
Atlanta, GA 30309
404-881-7454
Email: derin.dickerson@alston.com

*COUNSEL FOR DEFENSE*

      /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259

PAGE | **9** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540

www.JibraelLaw.com